UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MATTHEW ZACHARY SPAIN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 5:21-cv-00743-ACA-HNJ |
| JEFF DUNN, et al., | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Petitioner Matthew Zachary Spain, a state prisoner serving a life sentence for first degree rape, filed a counseled 28 U.S.C. § 2254 petition for writ of habeas corpus, alleging that trial counsel provided ineffective assistance and that the state habeas appellate court erred by rejecting his claim of actual innocence without holding an evidentiary hearing. (Doc. 1). The magistrate judge entered a report recommending that the court deny the § 2254 petition on the merits. (Doc. 9). The magistrate judge notified Mr. Spain that any objections to the report and recommendation "should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. . . . Objections should not . . . repeat legal arguments." (*Id.* at 19); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which

objection is made.") (emphasis added); Fed. R. Civ. P. 72(b)(2) ("[A] party must serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added).

Mr. Spain filed timely objections to the report and recommendation. (Doc. 10). Although he objects generally to the magistrate judge's recommendation to deny his ineffective assistance of counsel claims, his only specific objection relates to his claim of actual innocence. (*See id.* at 1–2). Because Mr. Spain's general objections merely incorporate by reference the arguments he already presented about his ineffective assistance claims, those objections are not proper and lack the specificity required to preserve those claims for review. (*See* Doc. 9 at 19); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Mr. Spain's only specific objection is to the recommendation to reject his claim that the state habeas appellate court erred by denying his claim of actual innocence, based on newly discovered evidence, without an evidentiary hearing. (Doc. 10 at 1–2*; see* Doc. 3 at 9). The magistrate judge recommended denying this claim because a claim of actual innocence, untethered to a constitutional violation, cannot support habeas relief and the state habeas appellate court's rejection of the claim based on his failure to sufficiently plead it was not unreasonable. (Doc. 9 at 15–19). Mr. Spain objects that the newly discovered evidence shows that his victim

2

has recanted her testimony, and the State knew her testimony was false when she gave it. (Doc. 10 at 2).

As an initial matter, Mr. Spain's claim, as asserted in his § 2254 petition, appears to be that the state habeas appellate court erred by failing to hold an evidentiary hearing before rejecting his claim of actual innocence. (*See* Doc. 3 at 9). But "an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004).

Even if Mr. Spain's § 2254 petition did not challenge the state habeas proceeding, but instead asserted the underlying claim of actual innocence, his claim fails. Freestanding claims of actual innocence are not cognizable in federal habeas petitions. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) ("[O]ur precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases."). To the extent Mr. Spain attempts to attach a constitutional violation to his claim of actual innocence by asserting a claim that the State violated *Brady v. Maryland*, 373 U.S. 83, 87 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972), he did not raise a *Brady* or *Giglio* claim in his § 2254 petition (*see* doc. 3), and he cannot do so for the

3

first time in his objections to the report and recommendation.

Accordingly, the court **OVERRULES** Mr. Spain's objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** the magistrate judge's recommendations. The court **WILL DENY** Mr. Spain's § 2254 petition. And because the petition does not present issues that are debatable among jurists of reason, the court **WILL DENY** a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); Rule 11(a), Rules Governing Section 2254 Proceedings in the United States District Courts.

The court will enter a separate final order.

**DONE** and **ORDERED** this September 28, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE